ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 JAN 15 PM 3: 34

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| HENRY C. SKINNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 107-150 |
| ) | |
| HAROLD STURGIS, Sergeant at ) | |
| McDuffie County Jail, and EMMA ) | |
| CARTLEDGE, Correctional Officer at ) | |
| McDuffie County Jail, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the McDuffie County Jail in Thomson, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and sought permission to proceed *in forma pauperis* ("IFP").

On November 8, 2007, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. See 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case dismissed without prejudice. (Doc. no. 3). Plaintiff failed to respond.

On December 20, 2007, the Court granted Plaintiff ten (10) additional days to respond in accordance with the Court's Order of November 8, 2007. (Doc. no. 4). The Court also

cautioned Plaintiff that failure to comply with the Court's Order after this ten (10) day extension, would result in the recommendation that his case be dismissed without prejudice. (Id.). Plaintiff failed to respond to the Court's Order of November 8, 2007, and the December 20, 2007 Order has been returned as undeliverable. Thus, in addition to failing to comply with the Court's instructions, Plaintiff has failed to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to respond to the Court's Order, or even provide a valid address, amounts not only to a failure to

prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is attempting to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of January, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3